UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIPS ORAL HEALTHCARE, INC.,
f/k/a OPTIVA CORPORATION,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY,

        Defendant.

CASE NO. C98-1211JLR

ORDER

        This matter comes before the court on Plaintiff Philips Oral Healthcare, Inc.'s ("Philips") motion for proposed judgment (Dkt. # 589). Having read and considered all of the papers filed in support of and opposition to this motion, the court GRANTS Philips' motion and directs the clerk to enter judgment accordingly. The court provides the following explanation for the terms imposed.

        Defendant Federal Insurance Company ("Federal") does not dispute that Philips paid Gillette $5.5 million to settle the underlying litigation, or that Philips is entitled to post-judgment interest under 28 U.S.C. § 1961(a). Rather, Federal disputes whether Philips is entitled to prejudgment interest and whether it can recover attorneys' fees for certain activities.

        Despite Federal's arguments to the contrary, the court finds that Philips' indemnification claim is "liquidated" and therefore awards Philips prejudgment interest. In Washington, a party is entitled to prejudgment interest on "liquidated" claims "where

ORDER – 1

the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." Prier v. Refrigeration Eng'g Co., 442 P.2d 621, 626 (Wash. 1968). Federal argues that Philips' indemnity claim is "unliquidated" because it includes the value of Philips' counterclaim against Gillette, which is undetermined. The fact that the underlying claim may have been unliquidated "does not negate the fact that the amount sought . . . as indemnity was liquidated." King County v. Puget Sound Power & Light, 852 P.2d 313, 315 (Wash. Ct. App. 1993). "[I]t is widely acknowledged that a settlement made in an underlying civil action represents a liquidated amount with regard to the subsequent indemnity claim." Id. (internal quotation and citations omitted). Thus, the $5.5 million Philips paid Gillette to settle the underlying litigation (for which Federal is liable as Philips' insurer) constitutes a liquidated claim with prejudgment interest accruing at the rate of 12% per annum from the date Philips paid the settlement amount (December 18, 2001) through the date of judgment. Id.; RCW § 19.52.010(1).

Both parties agree that Phillips is entitled to attorneys' fees under Olympic Steamship Co. v. Centennial Ins. Co., 811 P.2d 673 (Wash. 1991). Federal argues, however, that Philips is limited to seeking attorneys' fees related to "the *establishment* of coverage" and not "claim issues" such as the availability of allocation, the valuation of Philips' counterclaim, and the application of estoppel. Def. Resp. at 6 (emphasis in original). Given that Philips has not yet filed a petition seeking attorneys' fees and it is unclear what fees Philips is actually seeking, the court declines ruling prematurely on this issue. The court notes, however, that Philips is entitled to attorneys' fees based on Federal's refusal to provide coverage and this court's ruling that coverage exists. Leingang v. Pierce County Med. Bureau, Inc., 930 P.2d 288, 295 (Wash. 1997) ("If a claim is denied on the basis of an alleged lack of coverage and a court later determines there is coverage, then the case would fall under the rule of Olympic Steamship.").

Federal requests that the court allow it an opportunity to (1) respond to Philips' fee petition, (2) conduct additional discovery on the reasonableness of Philips' claimed

ORDER – 2

attorneys' fees and costs, and (3) conduct an evidentiary hearing on Philips' fee petition. Federal may file a response to Philips' petition for attorneys' fees and seek discovery consistent with terms imposed by the judgment. The briefing filed in support of and opposition to Philips' fee petition shall not exceed 12 pages.[1] Before seeking discovery on Philips' claims for attorneys' fees and costs, Federal must seek the court's permission and explain the need for such discovery. Federal shall not seek discovery until after Philips has filed its fee petition with the court. The court will consider whether an evidentiary hearing is required after receiving the parties' briefing.

Finally, Federal requests that the court include a finding in the judgment regarding the "reasonableness" of the underlying settlement. The court declines to issue such a finding at this late stage in the litigation when it has not been briefed by either party and Federal previously withdrew its summary judgment motion on this issue. Minute Entry, Dkt. # 508 (Dec. 22, 2004). Moreover, the one authority Federal relies on for the proposition that the court must find the settlement "reasonable" is inapposite because it is in the "context of a bad faith failure to settle claim" rather than a coverage claim, such as here, where Federal denied coverage and remained "neutral" on settlement. Chausee v. Maryland Cas. Co., 803 P.2d 1339, 1342, 1343-44 (Wash. Ct. App. 1991) (holding factors used to determine whether a settlement is reasonable in a contribution claim should be applied in the context of a bad faith claim); Def. Reply Re: Judicial Estoppel or Collateral Estoppel, Dkt. # 309 at 2.

Dated this 20th day of June, 2005.

_____
JAMES L. ROBART
United States District Judge

---

[1] This limitation does not apply to declarations or exhibits submitted in support of the briefing.

ORDER – 3